## SELKIRK, Appellant, v. THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY, Respondents.

An application for a mandamus, set forth, as the ground of this application, certain services and a claim for compensation, performed under the authority of an act of the legislature, by plaintiff, and that he had submitted his account to defendants (appointed by law to audit and allow like accounts) to be audited and allowed, who had refused to act in the premises. Defendants demurred to the application, and alleged as ground, that they did not see fit to allow the claim for compensation, which was a matter of discretion for them : Held, that the effect of the demurrer was to admit the truth of the facts alleged, and that while defendants had discretionary power to determine the amount of compensation, they cannot be permitted, in the same breath, to admit the right to compensation, and then refuse to grant it.

APPEAL from the District Court of the Sixth Judicial District. The complaint sets forth that the plaintiff was the duly elected and qualified assessor of Sacramento County; that by the provisions of the Act of 27th March, 1850, "concerning the office of county assessor," he was entitled to such compensation per day, not exceeding $16, as the Court of Sessions of said county might see fit to allow him, for every day the said court should be satisfied that he was employed in the discharge of the duties required of him by law. That by the Act of 3d of May, 1852, the defendants were elected supervisors for said county, and as supervisors, succeeded to all the civil powers which had belonged to the said Court of Sessions, and thereby it became their duty to audit the accounts of all officers having the disbursement of money belonging to the said county, and to examine, settle, and allow their accounts. That under the provisions of the

statute "concerning licenses," approved the 4th May, 1852, it was plaintiff's duty, as assessor, to make diligent inquiry as to any party or parties who might be neglecting the requirements of the said statute, and to make report thereof to the County Treasurer. And that in obedience thereto, and by request of the Board of Supervisors next preceding the defendants in office, he did make inquiry, &c., and that from the 7th August, to the 30th October, 1852, he employed 54 days in making such inquiries, and in reporting the same to the said County Treasurer; and that his services were of the value of $16 per day, making in the aggregate, $864; which said sum is due and chargeable against the said county. That plaintiff exhibited his account for said services to defendants, and prayed that the same might be audited and allowed to him, which it was their duty to audit and allow; but the defendants denied, and still deny, the right of plaintiff to receive any compensation for his said services, and refuse to allow any, &c., and pray for a mandamus to compel them to audit and allow his said account, &c.

The court ordered the mandamus to issue, commanding the defendants to audit, &c., the account, or show cause why they do not, &c.

The defendants demurred to the application, on the ground, that it appears from the said complaint, that defendants were not satisfied that the number of days charged by plaintiff, were actually employed by him in the said service; and that said Board did not see fit to allow him $16 per day, and because the amount of compensation per diem, of $16, is entirely discretionary with the Board.

The court denied the petition, and gave judgment against plaintiff for costs. Plaintiff appealed.

*Edwards* and *Coward*, for appellant.

The demurrer admits all the facts averred in the complaint; that plaintiff was assessor; that he employed 54 days in the service as charged, in obedience to law, and at the request of defendants' predecessors, worth $16 per day; that plaintiff exhibited his account, and defendants refused to allow or audit it. Neither the fact nor the value of the services are denied; but compensation, and the right thereto, are denied.

The court had no discretion but in ascertaining the number of days employed, and in determining the value of the services ascertained; they had no discretion wholly to refuse compensation, and this not *absolute* but *legal.* The demurrer not only *speaks,* but flatly denies the record; the complaint shows no state of facts like that assumed in the demurrer. It avers that the services had been rendered, and the record presents no denial. This could only have been counteracted by answer.

But defendants *did not see fit* to allow $16 per day, nor any other sum whatever. They refused to exercise the legal discretion confided to them. If they had allowed reasonable compensation, less than the $16 per day, their action would have been final; but they refused the entire claim, though the duty was expressly enjoined by law. Shall this conclude the plaintiff?

The questions for the Board, were, Did the plaintiff perform the services? and if so, What would be reasonable compensation? The law directed the services, and that the county should compensate them, and the discretion of the Board was limited to the quantum of services rendered, and the reasonableness of the compensation; but they transcended their legal discretion in denying all compensation; they refused to act where the law expressly enjoined action.

The demurrer admits the services and their value, as averred, and that they were rendered in conformity to the requirements of law, and at the express request of the defendants' predecessors; and the only plain, speedy, and adequate remedy for plaintiff, was by mandamus, which was denied. The court was not called upon to control the discretion of the respondents in fixing the compensation, but to compel them to fix *some* compensation. 12 Johns. R. 414; 18 Johns. R. 242; 19 Johns. R. 260.

*Coulter,* for respondents.

Where an act is sought to be compelled by mandamus, which rests in the discretion of the tribunal or officer sought to be compelled, the writ cannot issue; Mowbray *v.* Madison, 1 Cranch Rep.

In the absence of other testimony, it must be presumed by this court, that defendants' refusal to audit and allow appellant's

account, was based upon their not being satisfied that the services charged, had been performed. Under the discretionary power conferred upon them, it must be presumed the defendants acted as legally they might, nothing appearing to the contrary.

The counsel then examined the cases cited by appellants, and distinguished them from the case at bar, and proceeded to say, that if, in this case, the complaint *speaks* at all, it says that the Board refused to audit and allow any part of the appellant's account, and the presumption arises that that refusal was based upon the ground that there was no evidence to satisfy them that the services charged, or any part of them, had ever been rendered. The record assigns no reason, and without this, the court will presume they acted in good faith, and within the powers of their office; and quoted the opinion of PLATT, Justice, in the last case cited above, &c.

The words in the statute, "for each day the court *shall be satisfied* they shall have been respectively employed," imply the power of refusal, and enjoins its exercise, unless satisfied as to the correctness and justness of the account before them. If this discretionary power exists but in part, the applicant for a mandamus was bound to show a ground that would take the case out of it; and this he has not done, but has merely set out the refusal of defendants to audit, &c.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

One of the effects of the demurrer, is, to admit the truth of the facts alleged.

While, therefore, it is conceded that the supervisors have discretionary power to allow the claim, and determine the amount of compensation, they cannot be permitted in the same breath, to admit the right to compensation, and then refuse to grant it.

The demurrer should therefore be overruled, and the respondents required to answer, in order that the District Court may determine whether they had exercised the jurisdiction with which the law invests them, and have heard and determined the claim of the petitioner according to their legal discretion.

Judgment reversed.